FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT S.,[1]

                    Plaintiff,

        v.

MARTIN O'MALLEY, Commissioner of
Social Security,

                    Defendant.

No.    2:24-cv-00076-EFS

**ORDER REVERSING THE ALJ'S
DENIAL OF BENEFITS, AND
REMANDING FOR AN AWARD OF
BENEFITS**

Plaintiff Robert S. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred when analyzing the medical opinions, but the parties disagree about the appropriate remedy. Plaintiff seeks a remand for payment of benefits, while the Commissioner seeks a remand for further proceedings. After reviewing the record and relevant authority, the Court remands the case for an award of benefits.

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

ORDER - 1

# I.      Background

In March 2020, Plaintiff filed an application for benefits under Title 16, alleging disability due to diverticulosis with colostomy and ileostomy; PTSD; low vision; multiple para ileostomy hernias; premature ventricular contractions/paroxysmal atrial fibrillation; major depressive disorder; and generalized anxiety disorder.[2] Plaintiff originally claimed an onset date of February 24, 2020, but later amended the onset date to March 4, 2020.[3]

Plaintiff's claims were denied at the initial and reconsideration levels.[4] On March 5, 2022, Plaintiff timely filed a request for hearing.[5]  ALJ Lori Freund held a telephonic hearing in March 2023.[6] Plaintiff testified, medical expert Stephen Golub, MD, testified, and vocational expert Mark Mann testified.[7]

Plaintiff testified that he had not worked since March 2020 and that he last worked a full-time job in 2011 or 2012 for about nine months as a parts manufacturer for an auto parts company.[8] He said that he lost the job because he

---

[2] AR 529, 557.

[3] AR 282, 529.

[4] AR 432, 439.

[5] AR 444.

[6] AR 276-323.

[7] *Id.*

[8] AR 293.

had intestinal issues and missed work, and also was in pain at times and could not keep up with the assembly line.[9] He had a lot of absences and at one point missed an entire week of work.[10] After 2012, his diverticulitis was too painful for him to return to work.[11] Plaintiff said he was frequently bedridden for 90 percent of the day and was in pain.[12] Plaintiff said he had food stamps and case assistance from 2012-2016 and then in 2016 also was given medical coverage.[13]

Plaintiff said that for the last two years the state paid for him to have a caregiver for 156 hours a month upon the recommendation of his doctor, Anthony Vito, MD.[14] Plaintiff explained that he is 6' 9" and weighs 245 pounds and suffers from symptoms of vomiting, chronic pain, and weight loss.[15] Plaintiff said he does not live alone and is not capable of caring for himself because he has difficulty with

---

[9] AR 294.

[10] Id.

[11] AR 295.

[12] AR 296.

[13] AR 297.

[14] AR 298.

[15] AR 298-299.

ORDER - 3

1    hygiene, feeding himself, and cooking.[16] He explained that he cannot stand long

2    enough to cook.[17]

3          Plaintiff said he can stand for about 20 minutes and needs a cane to walk

4    around since 2020, when Dr. Vito told him he should use a cane.[18] Plaintiff said he

5    last had an eye examination a year prior and did not have a driver's license

6    because he failed the eye test in 2016.[19] Plaintiff said he cannot watch TV unless

7    he is up close to it and that he does not read.[20] When he is in pain, he needs help

8    with walking.[21]

9          Plaintiff testified that his parents drive him to appointments and that he

10   purchased a device that will read documents to him.[22] He said he used a CBD vape

11   since it was legalized in 2012.[23] He said he has never used illegal substances and

12

13

14   _____

15

16   [16] AR 299.

17   [17] *Id.*

18   [18] AR 300.

19   [19] AR 302.

20   [20] AR 303.

21   [21] *Id.*

22   [22] AR 304.

23   [23] *Id.*

ORDER – 4

was presently taking hydrocodone that was prescribed to him since 2018.[24] He has not used alcohol and has never been incarcerated.[25]

Plaintiff said that he takes Zofran for vomiting but still vomits daily and had vomited 6 times the day prior.[26] When he has vomiting, his pain is a 7/10 and when he had a bowel obstruction it is a 10/10.[27] The pain is on his left side next to the ileostomy and bag site.[28] The bag has to be changed every 2 days but needs to be changed earlier if it balloons due to air.[29] It will balloon at least once a month.[30] He said that he also has had issues with his bladder at night.[31]

Plaintiff said that for extreme pain he would use THC in his vape but tried to use CBD, which he said helped his pain.[32] He said he had been going to a pain clinic for a year and that he struggled to lift five pounds.[33] He said he can stand for

---

[24] AR 305.

[25] *Id.*

[26] AR 306.

[27] *Id.*

[28] AR 307.

[29] *Id.*

[30] *Id.*

[31] AR 308.

[32] AR 309.

[33] AR 310.

about 20 minutes and can walk for 30 minutes if assisted or about 20 minutes if unassisted.[34] He said that he can sit for about 45 minutes.[35] Plaintiff said he used a large electronic tablet but would mostly listen to it.[36]

After the hearing, the ALJ issued a decision denying disability and finding:

- Step one: Plaintiff had not engaged in substantial gainful activity since the application date of March 4, 2020.

- Step two: Plaintiff had the following medically determinable severe impairments: diverticulosis with colostomy and ileostomy; low vision; multiple para ileostomy hernias; premature ventricular contractions/paroxysmal atrial fibrillation; major depressive disorder; and generalized anxiety disorder.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform light work except that:

  [Plaintiff] can never climb ladders, ropes, or scaffolds and can never crawl. He can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. He must avoid all exposure to unprotected heights, working around hazards and hazardous machinery, extreme temperatures, excessive vibrations, operational control of moving machinery, and jobs requiring

---

[34] AR 310-311.

[35] AR 311.

[36] AR 308-309.

> depth perception or the use of a computer monitor. The claimant needs to work indoors near restroom facilities. The claimant can have no direct contact with the general public and can have occasional interaction with co-workers.

- Step four: Plaintiff is unable to perform past relevant work as a store laborer, meat wrapper, or production assembler.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a collator operator (DOT 209.685-010), a merchandise marker (DOT 209.587-034), and a sub assembler (DOT 729.684-054).[37]

Plaintiff timely requested review of the ALJ's decision, arguing that the ALJ committed several errors.

## II.    Analysis

The parties agree the ALJ erred: the ALJ found the opinion of medical expert Stephen Golub, MD, to be very persuasive but failed to provide in the RFC for Dr. Golub's opined limitation that Plaintiff would be absent for two days per month. The parties disagree, however, as to whether the Court should remand for payment of benefits or for more proceedings. As is explained below, the agreed-upon error calls for a payment of benefits.

---

[37] AR 40–49.

A.     **Remand Standard**

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[38] In comparison, in order for the court to consider remand for payment of benefits, three factors must be satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[39]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[40]

B.     **Remand Analysis**

The second remand factor is satisfied: the parties agree the ALJ failed to provide legally sufficient reasons for finding the opinions of medical expert Stephen Golub, MD, to be very persuasive and not providing a limitation in the formulated

---

[38] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

[39] *Id.* at 1101. *See Garrison v. Colvin*, 759 F. 3d 995, 1010 (9th Cir. 2014),

[40] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

RFC that Plaintiff would be absent from work on a regular basis due to medical

procedures and abdominal pain.  The following exchange took place on the record:

> ALJ: Would it be fair to say then when he had those procedures done or he had these increased abdominal pain and increased symptoms that he would have periods of absenteeism if he were working?
>
> ME: Yes.
>
> ALJ: And on average and during this time from 2020 to the present about how many times either per month or per year do you think that would happen that he'd have absenteeism?[41]

Dr. Golub reviewed his notes and cited to the medical record, which

indicated continued problems following Plaintiff's colostomy, what he considered to

be "significant hernias," small bowel obstructions in 2021, and ventral hernia

repair in 2022.[42]

The exchange between the ALJ and the medical expert then continued as

follows:

> ALJ: Okay so if we do it in terms that we use for a vocational expert would there be in your opinion an average of at least two days a month that he would be incapable of working either due to pain or procedures?
>
> ME: I think, I think. . . you know, of course there's no way to know for certain but I think that's a reasonable assumption.[43]

---

[41] AR 289-290.

[42] AR 290.

[43] AR 291.

ORDER - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The ALJ then questioned the medical expert whether this was a temporary limitation or whether it would have continued, and Dr. Golub opined that it would have been applicable throughout the entire period at issue.[44]

The Commissioner argues that the ALJ found the opinions of Dr. Staley, Dr. Magdaleno, and ARNP Benton to be persuasive as well.[45] But as Plaintiff points out in his reply, the ALJ found Dr. Golub's opinions "very persuasive," whereas she found the opinions of ARNP Benton to be "generally persuasive," and the opinions of Dr. Staley and Dr. Magdaleno to be persuasive.[46] More importantly, neither Dr. Staley, Dr. Magdaleno, nor ARNP Benton rendered an opinion to the amount of time that Plaintiff would be absent as a result of medical procedures or abdominal pain. The ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for discounting the absenteeism limitation.

As to the third factor, if this pace/persistence limitation is credited as true, Plaintiff is considered disabled. The vocational expert (VE) testified that an individual who is absent from work for two or more days per month would be ruled out from competitive employment.[47] The third factor for remand-for-benefits is satisfied.

_____

[44] *Id.*

[45] ECF No. 11.

[46] ECF No. 12.

[47] AR 322.

Finally, as to the first factor, the Court finds that a remand for further proceedings will serve no legitimate purpose. At the time that Dr. Golub testified, he had the entire record before him and gave a detailed analysis of his reasoning, with very specific citations to the medical record.[48] Both the ALJ and Plaintiff's counsel were able to examine and cross-examine Dr. Golub as to any ambiguity. The administrative record in this matter is in excess of 2000 pages and neither party has specified any need to develop the record further, nor did Dr. Golub believe that the medical record was insufficient to form his opinion. As such, additional administrative proceedings are not needed to develop the record as to Plaintiff's impairments.

### III.    Conclusion

On the basis of the medical expert testimony and vocational expert testimony, benefits are to be award. Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for immediate calculation and award of benefits**.

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 8 and 11**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

---

[48] AR 289-291.

ORDER - 11

**DATED** this 19th day of August 2024

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge